IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Isaias D. Gutierrez, #325762, | ) | C/A No. 4:19-cv-01921-SAL |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION & ORDER** |
| v. | ) | |
| | ) | |
| Randall Williams, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court for review of the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.) (the "Report"). The Report recommends that this court summarily dismiss the matter as time-barred. For the reasons outlined herein, the court agrees with and adopts the recommendation.

## PROCEDURAL BACKGROUND

Petitioner Isaias D. Gutierrez ("Petitioner") is a pro se state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. [ECF No. 1.] The petition was filed on July 8, 2019. *Id.* On August 5, 2019, the Magistrate Judge issued a proper form order, which directed Petitioner to pay the filing fee or complete and return an application to proceed *in forma pauperis*. [ECF No. 5.] Petitioner submitted the application and was granted leave to proceed *in forma pauperis*. [ECF Nos. 7, 11.]

On August 30, 2019, the Magistrate Judge issued a second proper form order. [ECF No. 10.] The second proper form order relates directly to the Report currently before the court for review. Therein, the Magistrate Judge found that over 1,400 days passed between the decision on the first PCR and the filing of the second PCR and, in total, more than 2,000 days had run—well in excess

1

of the 365-day statute of limitations. *Id.* The Magistrate Judge ordered Petitioner to file a "factual explanation with this court to show why his Petition should not be dismissed based on the application of the one-year limitation period established by 28 U.S.C. § 2244(d), including but not limited to, . . . facts supporting the application of equitable tolling." *Id.* The quoted directive was in bold and underlined. Petitioner's deadline to respond to the second proper form order was September 23, 2019.[1]

On September 20, 2019,[2] Petitioner requested additional time to respond to the second proper form order. [ECF No. 14.] The Magistrate Judge granted the request, extending the deadline to October 20, 2019. [ECF No. 15.] In the end, Petitioner failed to respond to the second proper form order.

On November 14, 2019, the Magistrate Judge issued a thorough Report, opining that this court should summarily dismiss the petition as untimely. [ECF No. 26.] The Report sets forth in detail the relevant facts and standards of law on this matter, and this court incorporates those facts and standards without a recitation. Attached to the Report was the notice of right to file objections. *Id.* Petitioner filed objections on December 12, 2019.[3] [ECF No. 29.] The matter is ripe for review by this court.

---

[1] This includes the three additional days allowed under Rule 6, FRCP when service is accomplished by mail.

[2] This is the date the envelope indicates the motion was received in the prison mailroom.

[3] With the three additional days provided by Rule 6, FRCP, the objections were due by December 5, 2019. The envelope included with the objections does not indicate when the objections were received by the prison mailroom, and the date on the postage is obscured. The objections were received by the Clerk of Court's Office on December 12, 2019. As a result, it appears the objections are untimely. In any event, however, the court will address the objections on the merits.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, is only required to conduct a de novo review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See id.*; Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which the party has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the pleading or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing

*Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

## DISCUSSION

Petitioner asserts only two objections to the Report: (1) that he is entitled to equitable tolling of the statute of limitations and (2) the Report erred in failing to consider his absolute innocence defense. Each objection is addressed, in turn, below.

## I.   Equitable Tolling of Limitations Period.

Petitioner asserts the Report erred in finding that his action is time-barred under 28 U.S.C. § 2244(d) because he should be entitled to equitable tolling of the one-year period. The court disagrees.

The United States Supreme Court has held that the federal one-year statute of limitations can be subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631 (2010); *see also Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000) ("As a general matter, principles of equitable tolling may, in the proper circumstances, apply to excuse a plaintiff's failure to comply with the strict requirements of a statute of limitations."). In the Fourth Circuit, equitable tolling is "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330; *Bogan v. South Carolina*, 204 F. App'x 160, 160 (4th Cir. 2006) (per curiam) ("Recourse to equitable tolling must be guarded and infrequent."). As a result, circumstances rarely warrant equitable tolling, and it is the Petitioner who carries the burden of proving his entitlement to the doctrine. *Harris*, 209 F.3d at 330. To carry his burden,

Petitioner must show "(1) extraordinary circumstances, (2) beyond his control, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

Petitioner's explanation in this case does not rise to the necessary level to warrant the extraordinary remedy of equitable tolling. He argues that he "lack[s] [] proficiency in [the] English language" and this "hindered his ability to timely file [his] habeas Petition." [ECF No. 29 at p.2.] According to Petitioner, while he "sought assistance from other inmates," the habeas Petition was not in English and with the "institution law library['s] lack of non-English legal materials," he was unable to meet the limitations period. *Id.* at p.6.

To support his position, Petitioner cites to cases from the Second, Third, Sixth, and Ninth Circuits[4] and argues this is a novel issue in the Fourth Circuit. Petitioner fails to acknowledge, however, that the Fourth Circuit has concluded that "[e]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Moreover, district courts in the Fourth Circuit have consistently held that a prisoner's inability to speak English is insufficient to warrant equitable tolling. *See, e.g.,*

---

[4] Even if this court applied the standards set out in these opinions, the court would still find that Petitioner's objections are insufficient to meet his burden. *See Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008) (holding "the diligence requirement of equitable tolling imposes on the prisoner a substantial obligation to make all reasonable efforts to obtain assistance to mitigate his language deficiency" and finding that "claim[ing] nothing more than the unavailability of personnel within their prisons to translate for them during the applicable limitations periods" is not enough); *Pabon v. Mahoney*, 654 F.3d 385 (3d Cir. 2011) (holding that "inability to read or understand English, *combined with* the denial of access to translation or legal assistance, can constitute extraordinary circumstances that trigger equitable tolling" (emphasis added)); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) ("An inability to speak, write and/or understand English, in and of itself, *does not automatically* give a petitioner reasonable cause for failing to know about the legal requirements for filing his claims." (emphasis added)); *Mendoza v. Carey*, 449 F.3d 1065, 1069 (9th Cir. 2006) (holding a "combination of (1) a prison law library's lack of Spanish-language legal materials and (2) a petitioner's inability to obtain translation assistance before the one-year deadline, could constitute extraordinary circumstances" in a case where the petitioner "alleged that lack of access to Spanish-language legal materials *prevented him from learning about the AEDPA's deadline* and thereby prevented his timely filing" (emphasis added)).

*Bustos v. Faulkenberry*, No. 2:06-cv-1205, 2007 WL 540324, at *3 (D.S.C. Feb. 15, 2007) (finding a petitioner's "limited grasp of the English language" "does not amount to extraordinary circumstances excusing [his] delay"); *Furr v. Robinson*, No. 3:99-cv-666, 2000 WL 152147, at *2 (E.D. Va. Jan. 13, 2000) ("Even if the prisoner does not speak the English language fluently and takes several years reviewing his court records to find grounds for an appeal . . ., this falls short of the extraordinary circumstances needed to toll the one-year limitation period under AEDPA."); *Aviles-Negron v. Massey*, No. 1:11-cv-904, 2013 WL 1314602, at *4 (M.D.N.C. Mar. 28, 2013) (collecting cases). Consistent with these holdings, this court finds that Petitioner's arguments fails to support application of the extraordinary remedy of equitable tolling.

Additionally, the court finds that Petitioner has not provided sufficient allegations that he has been pursuing his rights diligently. Petitioner admits he was "informed" of the one-year limitation period by "appellate counsel."[5] [ECF No. 29 at p.6.] And, while he claims he "sought assistance of other inmates" to ultimately file the Petition, he does not explain why it took upwards of 1,400 days of untolled time to complete this process. In fact, Petitioner fails to provide any factual allegations to support a finding that he was diligent in pursuing his claim.

In sum, there is no evidence that warrants equitable tolling in this case. Petitioner has not demonstrated diligence in pursuing his rights or that some extraordinary circumstance prevented him from timely filing his Petition. The objections are overruled and the Petition is, therefore, dismissed as barred by the one-year limitations period.

---

[5] The court notes that Petitioner's admitted awareness of the one-year limitations period is an important distinction between this case and the facts before the Ninth Circuit in *Mendoza*. *See* Fn.4, *supra*.

## II. Actual Innocence Defense.

The entirety of Petitioner's second objection is as follows: "Petitioner incorporates his actual innocence claim herein, which was not addressed by Magistrate and should be addressed by this court." [ECF No. 29 at p.6.] At the outset, the court notes that the Petition does not include an actual innocence claim. [*See* ECF No. 1.] Thus, there was not an actual innocence defense for the Magistrate Judge to consider. Further, even if Petitioner asserted a "freestanding actual innocence claim," it is "not a cognizable habeas claim." *Marsh v. Stevenson*, No. 5:15-cv-04633, 2017 WL 1048096, at *14 (D.S.C. Feb. 22, 2017), *report and recommendation adopted sub nom.* 2017 WL 1035989 (D.S.C. Mar. 17, 2017). For theses reasons, Petitioner's second objection is overruled.

## CONCLUSION

For the reasons set forth above, the Report [ECF No. 26] is accepted, adopted in its entirety, and is incorporated herein. Therefore, it is the judgment of this court that the Petition [ECF No. 1] is **DISMISSED with prejudice and without requiring Respondent to file a return**. All other pending motions are hereby deemed **MOOT**.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[6]

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon_____
United States District Judge

June 4, 2020
Florence, South Carolina

---

[6] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Rule 11(a), Rules Governing § 2254 Cases. A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."